IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINA FLIPPIN, M.D., | |
| Plaintiff, | Case No. 12 cv 01996 |
| v. | |
| AURORA BANK; et al.; | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
PIERCE & ASSOCIATES, P.C.'S MOTION TO DISMISS COMPLAINT**

NOW COMES Defendant PIERCE & ASSOCIATES, P.C. ("Pierce"), and submits the following Memorandum of Law in support of its Motion to Dismiss Plaintiff's:

**INTRODUCTION**

On March 19, 2012 Plaintiff filed her Complaint in this matter I which she alleges (I) violation of the Fair Debt Collection Practices Act, (II) Trespass, (III) trespass to chattels, (IV) conversion, (V) negligence, (VI) intention infliction of emotional distress, and (VII) violation of the Illinois Consumer Fraud Act against Pierce and others relative to the alleged illegal securing of her residence. Specifically, she alleges that the named Defendants broke into her residence, disrupted her belongings, and changed the locks on the residence. However, Plaintiff has failed to allege a single fact to implicate Pierce in the conduct of which she complains. Plaintiff's Complaint therefore fails to put Pierce on notice as to what specific wrongful conduct it purportedly engaged in. Accordingly, Plaintiff's Complaint fails to properly state a claim upon which relief may be granted against Pierce as his claims are substantially insufficient under Federal Rule of Civil

1

Procedure 8, and under the federal pleading requirements as clarified in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). For these reasons and for the reasons set forth more fully below, Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12 (b) (6).

## ARGUMENT

Fed. R. Civ. P. 12 (b) (6) requires a Court to assume the truth of a plaintiff's *factual* allegations and draw all reasonable inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive dismissal, a plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above a speculative level. However, on a motion to dismiss, courts are not bound to accept as true speculative or conclusory allegations couched as facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

In *Twombly*, the Supreme Court announced "a new pleading standard" under Fed. R. Civ. P. 8 (a) and "rejected [the previous standard] as too lenient." *Pacific Bell Tel. Co. v. Linkline Communs., Inc.*, 129 S.Ct. 1109, 1123 (2009) (commenting on *Twombly*). Recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court outlined the principles to govern the application of the new *Twombly* pleading standard. Specifically, the court provided that "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S.Ct. at 1949. A claim is plausible on its face "when the plaintiff pleads **factual content** that allows the court to draw the reasonable inference that **the defendant** is liable for the misconduct alleged." *Id.* (emphasis added). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

2

In the instant case, although each of the counts appears to relate to the alleged securing of the property, Plaintiff has failed to specifically implicate Pierce in the alleged wrongful securing. Rather, Plaintiff alleges that Defendant Mortgage Contracting Services ("MC") secured the property, without providing a single factual allegation to support a conclusion that Pierce participated in the securing, that it worked in concert with MCS, or that it even had knowledge that the securing occurred until after the fact. Rather, Plaintiff simply lumps Pierce in with the other named defendants by referring to them collectively as "Defendants" without any supporting factual allegations. Indeed, the only allegation that Defendant has made specifically against Pierce is that it failed to respond to a letter that her legal counsel sent to it demanding that her access be restored to the property. However, she has failed to establish in any way that Pierce had a legal obligation to do so. Accordingly, the Complaint fails to properly state a claim against Pierce upon which relief can be granted, and it must therefore be dismissed with prejudice as to Pierce.

Respectfully submitted,

By: _____
PIERCE & ASSOCIATES, P.C

Michael R. Kemock (mkemock@atty-pierce.com)
Diana Athanasopoulos (dathanasopoulos@atty-pierce.com)
PIERCE & ASSOCIATES, P.C.
Attorneys for Plaintiff
1 N. Dearborn, Suite 1300
Chicago, IL 60602
312-346-9088

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REGINA FLIPPIN, M.D.,

    Plaintiff,

v.

AURORA BANK; ET AL.

    Defendants.

No. 12 cv 01996

## CERTIFICATE OF SERVICE

To: (See Service List)

    I, Norma Quiroz, non- attorney, certify I served this notice and Memorandum of Law In Support of Pierce & Associates, P.C.'s Motion to Dismiss Complaint, by causing a copy to be sent by regular mail, to the parties listed above, at their respective addresses, from 1 N. Dearborn, Suite 1300, Chicago, IL 60602, with proper postage prepaid, at or before 5:00 p.m. on April 10, 2012..

| | | |
|---|---|---|
| Name | PIERCE & ASSOCIATES/M. Kemock | Attorney for Defendant |
| Address | 1 N. Dearborn, #1300 | City    Chicago |
| Telephone | (312) 346-9088 | ARDC#6286572 |
| PA file# | 1121237 | |

_____
Norma Quiroz

## SERVIVCE LIST

Cathleen M. Combs     ccombs@edcombs.com,courtecl@edcombs.com

Daniel A. Edelman     courtecl@edcombs.com,dedelman@edcombs.com

David F. Standa     dstanda@lockelordcom,chicagodocket@lockelord.com,kkwell@lockelord.com,ttill@lockelord.com

James Matthew Goodin, mgoodwin, dstanda@lockelordcom,chicagodocket@lockelord.com,kkwell@lockelord.com,ttill@lockelord.com

James O. Latturner   jlatturner@edcombs.com

Michael Ryan Kemock  mkemock@atty-pierce.com

Rupali Rajendra Shah  rshah@edcombs.com

Tara Leigh Goodwin  tgoodwin@edcombs.com